*84 OPINION OF THE COURT
Per Curiam.
Respondent Kevin J. McGraw was admitted to the practice of law in the State of New York by the First Judicial Department on April 28, 1980 under the name Kevin James McGraw. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.
By motion dated April 9, 2012, the Departmental Disciplinary Committee sought an order pursuant to 22 NYCRR 603.4 (e) (1) (i) immediately suspending respondent from the practice of law, until further order of this Court, based upon his lack of cooperation with the Committee’s investigation of professional misconduct commenced after receiving notification from the Lawyers’ Fund for Client Protection that a check in the amount of $500,000, drawn from respondent’s IOLA account, had been dishonored on July 12, 2011. Respondent failed to answer the sua sponte complaint to produce relevant escrow account records and to appear for a deposition pursuant to subpoena.
The Committee’s notice of motion seeking respondent’s interim suspension contained the following notice:
“PLEASE TAKE FURTHER NOTICE, that pursuant to 22 NYCRR § 603.4 (g), an attorney who is suspended under § 603.4 (e) (1) and who has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension, may be disbarred without further notice.”
Respondent failed to appear or answer the motion.
By order entered June 12, 2012, we granted the Committee’s motion to the extent of suspending respondent from the practice of law, effective immediately, pursuant to 22 NYCRR 603.4 (e) (1) (i), and until further order of the Court (Matter of McGraw, 98 AD3d 1 [1st Dept 2012]).
On August 27, 2012, the Committee received a sworn affidavit of compliance from respondent, attached to an August 23 letter from his newly retained attorney David A. Lewis, Esq., of Hinshaw & Culbertson, LLP Thereafter, by his counsel, respondent advised the Committee that he was eager to cooperate with the Committee’s investigation and requested until October 12, 2012 to submit a response. Three days before the answer to the sua sponte complaint was due, Hinshaw & Culbertson advised *85 the Committee that it no longer represented respondent. The promised response was never submitted.
In August and November 2012, the Committee received correspondence from Kathleen Hattler (cotrustee with respondent on a trust that was connected to the dishonored check underlying the Committee’s investigation) in which she advised that after respondent notified her of his suspension and inability to continue with his legal services, he failed to respond to a request from her attorney, a check for the balance of the trust account could not be negotiated because he failed to endorse it as co-trustee, and other trust related accounts cannot be utilized without his notarized signature indicating his resignation.
The Committee now seeks an order disbarring respondent pursuant to 22 NYCRR 603.4 (g) on the ground that he has been suspended pursuant to 22 NYCRR 603.4 (e) (1) (i) and has not appeared or applied in writing to the Committee of this Court for a hearing or reinstatement for six months from the order of suspension.
It appears that respondent continues to maintain his New York County office as evidenced by his most recent attorney registration records showing he registered with the Office of Court Administration on or about June 19, 2012, seven days after his interim suspension. Although respondent was served with the instant motion to disbar at his home and his New York County office address by first-class mail and certified mail, return receipt requested, no response has been received by the Committee.
Accordingly, inasmuch as more than six months have elapsed since our June 12, 2012 suspension order, and respondent has neither appeared nor applied in writing to the Committee or this Court for a hearing or reinstatement, the Committee’s motion for an order disbarring respondent pursuant to 22 NYCRR 603.4 (g) should be granted and his name stricken from the roll of attorneys in the State of New York (see Matter of Claffey, 99 AD3d 201 [1st Dept 2012]; Matter of Millstone, 98 AD3d 329 [1st Dept 2012]; Matter of Burke, 62 AD3d 94 [1st Dept 2009]).
Sweeny, J.P., Acosta, Saxe, Freedman and Román, JJ., concur.
Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.